# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

IN RE:
**MELISSA BUFFO**

Case No: **8:16-bk-05934-CPM**
Chapter 7 Case

_____

**MELISSA BUFFO,**

    **Plaintiff,**

v.

Adv. Pro. No:

**NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, a Delaware Statutory Trust**,

    **Defendant.**

_____/

## PLAINTIFF'S COMPLAINT

Plaintiff, Melissa Buffo ("Buffo" or "Plaintiff"), files this Complaint against Defendant**, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2** ("Defendant"), on personal knowledge as to Plaintiff's own acts, and upon information and belief as to all other matters, as follows:

### I.

### PRELIMINARY STATEMENT

1. Not all loans made to students are non-dischargeable student loans, including the educational loans at issue in this action. Only three types of educational debts are excepted from discharge under 11 U.S.C § 523(a)(8): (1) federal or non-profit loans; (2) conditional educational grants; and (3) qualified educational loans made by

private lenders. Defendant, in full knowledge of the scope and application of section 523(a)(8), has exploited the statutory framework protecting qualified education loans from discharge in bankruptcy in an attempt to appropriate bankruptcy protection for a large universe of dischargeable consumer debt. Specifically, Defendant has originated and served dischargeable consumer loans in order to finance a variety of educational endeavors, including but not limited to: bar exam study courses, medical residency programs, for-profit flight schools, unaccredited trade schools, secondary schools, and living expenses beyond the published "cost of attendance" at Title IV accredited schools. However, debts incurred to pay for expenses at educational institutions that are not recognized by the Department of Education under Title IV of the Higher Education Act and/or debts incurred in excess of the "Cost of Attendance" are not "qualified education loans" as that term is defined in the Higher Education Act, the Internal Revenue Code, and the Bankruptcy Code. Such loans have no protection under section 523(a)(8) and are automatically discharged upon entry of a discharge injunction.

## II.

## **PARTIES**

2. Melissa Buffo is an individual residing in the Middle District of Florida.

3. National Collegiate Student Loan Trust 2007-2 is a statutory trust that in the ordinary course of business regularly, on behalf of itself or others, files lawsuits against borrows in state District Court with its principal place of business in the State of Delaware, and can be served through its registered agent, Wilmington Trust Corporation, located Rodney Square North, 1100 N. Market Street, Wilmington, DE 19890.

## III.

## JURISDICTION AND VENUE

4. This Adversary Proceeding is brought under Case Number 8:16-bk-05934-CPM.

5. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b) and 1332.  This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

6. This Adversary Proceeding is brought pursuant to 11 U.S.C. § 523(a)(8) and Federal Rules of Bankruptcy Procedure Rule 7001.

7. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## IV.

## STATEMENTS OF FACTS

**A. The Distinction Between Non-Dischargeable and Dischargeable Educational Debt**

8. Private education loans have limited protection from discharge under section 523(a)(8)(B).  Section 523(a)(8)(B) of the Bankruptcy Code excepts from discharge a "qualified educational loan" as defined in section 221(d)(1) of the Internal Revenue Code.  Section 221(d)(1) defines a "qualified education loan" as any indebtedness incurred solely to pay for "qualified higher education expenses."  "Qualified higher education expenses" are in turn defined in section 221(d)(1) as expenses incurred to cover the "cost of attendance" at a Tile IV eligible institution by an "eligible student."  A Title IV eligible institution is one recognized by the Department of Education under

Title IV of the Higher Education Act. "Cost of Attendance" is term of art found in section 472 of the Higher Education Act at 20 U.S.C.§ 1087*ll* that includes tuition, fees, room, board, books, and living expenses. An "eligible student" is defined in 20 U.S.C. § 1091 and 34 CFR 668.32 as, *inter alia*, students who have not yet exceeded their annual or aggregate borrowing limits under any program authorized by Title IV of the Higher Education Act. (hereinafter referred to as "Qualified Education Loans").

9. Consumer loans made to persons to cover expenses at non-eligible institutions or to ineligible students are not Qualified Education Loans. These educational loans remain dischargeable under the Bankruptcy Code and the interest payments are not tax deductible. Such expenses include: (i) living expenses in excess of the amount determined necessary by the accredited college or university; (ii) money to pay for bar review classes for recent law school graduates; (iii) money to pay for expenses related to residency for recent medical school graduates; (iv) money to pay for child's K-12 education; (v) money to pay for unaccredited for-profit schools; and (vi) money lent to ineligible students. The interest on these debts is not tax deductible pursuant to 26 U.S.C. § 221(d), and they are dischargeable in bankruptcy (hereinafter referred to as "Consumer Education Loans").

10. Where confusion exists in determining whether an educational debt is a Qualified Education Loan or a Consumer Education Loan, the Bankruptcy Code places to

burden on the creditor to establish a preponderance of the evidence that the educational debt in question excepted from discharge.[1]

### B. Plaintiff's Background and Procedural History

11. Between May 2007 and December 2007, Plaintiff attended St. Petersburg College.

12. Plaintiff borrowed $ 12,000.00 from Defendant in private student loans (the "Debts").

13. Accordingly, these Debts were not Qualified Education Loans.[2]

### V.

### CLAIMS FOR RELIEF

### A. Count One: Declaratory Judgment and Determination of Dischargeability
### (Against all Defendants)

14. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

15. Plaintiff's Debt is not a Qualified Education Loan because it was originated in excess of the "Cost of Attendance."

---

[1] *See In re Bronsdon*, 435 B.R. 791, 796 (B.A.P. 1st Cir. 2010) ("The creditor bears the initial burden of establishing that the debt is of the type excepted from discharge under § 523(a)(8). Once the showing is made, the burden shifts to the debtor to prove that excepting the student loan debt from discharge will cause the debtor and her dependents 'undue hardship.'").

[2] Where part of a debt is used to cover qualified education expenses and part is not, the debt is a mixed-use loan, and therefore, not a qualified education loan. See IRS, 26 C.F.R. 1, REG-116826-97 ("Student I signs a promissory note for a loan which is secured by I's personal residence. Part of the loan proceeds will be used to pay for certain improvements to I's residence and part of the loan proceeds will be used to pay qualified higher education expenses of I's spouse. Because the loan is not incurred by I solely to pay qualified higher education expenses, the loan is not a qualified education loan").

16. Plaintiff requests declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001 (9) that the Debts are to be included in the general discharge entered by this Court.

## VI.

## JURY DEMAND

17. Pursuant to his rights under Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## VII.

## PRAYER

18. In light of the foregoing, Plaintiff requests that Defendant be cited to appear and judgment be entered against Defendant for:

(1) Declaratory relief and determination of discharge;

(2) Other such relief as the Court deems just and proper.

Respectfully submitted this **June 5, 2020**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com
*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com
Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff